UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUKOR CAR CARRIERS INC., ) | No. C10-0408 BZ | |
| Plaintiff(s), ) | | |
| v. ) | **ORDER RE MOTION TO DETERMINE SCOPE OF ARBITRATION** | |
| CHEMOIL CORPORATION, ) | | |
| Defendant(s). ) | | |

Before the court is Plaintiff Eukor Car Carriers Inc.'s ("Eukor") motion to determine the scope of arbitration. Previously, Defendant Chemoil Corporation ("Chemoil") moved the court for an order staying this action pending arbitration. (Docket No. 8.) The primary issue in Chemoil's motion was whether the arbitration clause in the contract to which Chemoil and non-party Wilhelmsen are signatories is binding on Eukor. I found that it is binding on Eukor, and I granted Chemoil's motion, staying the case pending resolution of any arbitration. (Docket No. 27.) Eukor then filed a motion to lift the stay, "for the limited purpose of

1

allowing a full briefing on certain preliminary questions of law that are outside the scope of arbitration" to be determined by the court.  (Docket No. 28.)  I granted Eukor's motion to the lift the stay to permit Eukor to file a motion to establish that certain issues are outside the scope of the anticipated arbitration.[1]  (Docket No. 36.) For the reasons set forth below, I find that the issues identified by Eukor either fall within the scope of the arbitration clause or are for the arbitrator to decide.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986).  Unless the parties clearly and unmistakably provide otherwise, the question whether they agreed to arbitrate the particular dispute is to be decided by the court, not the arbitrator.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).  However, given the law's permissive policies with respect to arbitration, issues will be deemed arbitrable unless "it is clear that the arbitration clause has not included" them.[2]  Id. at

---

[1] Notably, neither party briefed the narrow issue before the court, which is whether the dispute over the validity of the terms of the operative contract is one that should be decided by the court or the arbitrator.  Instead, both parties presumed that this issue is for the court to decide.  For this reason, neither party's briefing was terribly helpful.  That said, the court has not found any cases on this issue.

[2] The Federal Arbitration Act reflects a "liberal federal policy favoring arbitration agreements . . . [and] any doubts concerning the scope of arbitrable issues should be

945.

Here, the operative contract contains an arbitration clause which states that "[a]ny controversy or claim between Buyer and Seller, or between Buyer and the fuel barge contractor, relating solely to the quality or quantity of marine fuels delivered or to be delivered ... shall be settled by arbitration ... ."[3] (Docket No. 9, Exh. H.)  The dispute between Eukor and Chemoil, evidenced by the complaint, clearly relates to the quality of bunker fuel provided by Chemoil and used by Eukor for the operation of a chartered vessel.  (See Complaint, Docket No. 1 at ¶¶ 6-20.)  The dispute therefore squarely falls within the scope of the arbitration clause, and must be submitted to arbitration. Granite Rock Co. v. International Broth. Of Teamsters, 130 S. Ct. 2847, 2856 (2010) ("[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*.") (emphasis in original); Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985) (the FAA "'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration

---

resolved in favor of arbitration." Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

   [3]   As stated above, I previously ruled that Eukor is subject to this arbitration clause under the doctrine of equitable estoppel.  (See Docket No. 27.)

agreement has been signed.'").

By its motion, Eukor challenges a number of other provisions contained in the operative agreement (referred to by the parties as the "Standard Terms") relating to the limitation of liability, exclusive remedy, and exclusion clauses. Eukor argues that given the limited scope of the arbitration clause, it is clear that questions regarding the validity of these remedy provisions falls outside the scope of any arbitration. Eukor's argument is not well-taken. The Supreme Court has recognized that a party opposing arbitration may raise two types of validity challenges: (1) a challenge specifically to the validity of the agreement to arbitrate, and (2) a challenge to the validity of the contract as a whole (*i.e.*, the substance of a contract). Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772, 2778 (2010); see also Rosenthal v. Great Western Fin. Securities Corp., 14 Cal. 4th 394, 419 (1996) (distinguishing between "fraud in inducing consent specifically to the arbitration agreement" and "claims that the contract as a whole was obtained through fraud in the inducement").[4] It is well-established that only the first type of challenge is relevant to the court's determination of arbitrability, and thus a claim of invalidity as to the substance of the contract does not prevent a court from enforcing a specific agreement to arbitrate. Rent-A-Center, 130 S.Ct. at 2778; see also

---

[4] In determining whether there is a valid agreement, state law affirmative defenses, including unconscionability, apply. See Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003).

4

<u>Hopkins & Carley, ALC v. Thomson Elite</u>, 2011 U.S. Dist. LEXIS 38396 (N.D. Cal. Apr. 6, 2011).

    Eukor does not challenge the validity of the arbitration clause.  Rather, it argues that eleven terms of the operative agreement are unenforceable as a matter of law due to, among other things, procedural and substantive unconscionablility.  But when a party contends that the substance of a contract is unconscionable without challenging the validity of the arbitration clause, the issue is for the arbitrator.  <u>Nagrampa v. MailCoups, Inc.</u>, 469 F.3d 1257, 1263-64 (9th Cir. 2006); <u>Davis v. O'Melveny & Meyers</u>, 485 F.3d 1066 (9th Cir. 2007); <u>see also</u> <u>Cotchett, Pitre, & McCarthy v. Universal Paragon Corp.</u>, 187 Cal. 4th 1405 (2010).  Eukor has cited no case which holds that the court should decide, before sending a case to arbitration, such matters as whether a limitation on liability is enforceable, and the court has found none.  Nor will the court presume that the arbitrators will not correctly decide these issues.

    For these reasons, Eukor's motion is **DENIED**.  The parties are **ORDERED** to commence arbitration forthwith.  Eukor shall file a report on the status of arbitration on **March 1, 2012**.

Dated: November 17, 2011

                                  Bernard Zimmerman
                        United States Magistrate Judge

G:\BZALL\-BZCASES\EUKOR V. CHEMOIL\ORD ON MOTION TO DETERMINE SCOPE OF ARBITRATION.V2.wpd